IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANA MARIA GASPAR TRAIN, | ) | |
| | ) | Case No. 17-cv-7993 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NAFISA S. MOHAMMAD AND NAFISA'S KITCHEN 2 INC., dba & NAFISA'S KITCHEN DESI FASHION | ) ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |

## COMPLAINT

Plaintiff, as a Complaint against Defendants, alleges the following:

## NATURE OF THE CASE

1.  This action is brought to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to remedy violations of the Illinois Minimum Wage Law ("IMWL"), and 820 ILCS 105/4a, on behalf Plaintiff.

2.  In violation of the FLSA, Defendants failed to pay Plaintiff the minimum hourly wage and overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek. Defendants also violated the IMWL by failing to pay Plaintiff the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked. Defendants further violated the IWPCA by failing to provide pay stubs or any record of payment and/or deductions and failing to pay all wages due within the time period prescribed by the act.

3.  As a remedy for Defendants' acts, Plaintiff seek relief, including unpaid overtime wages, liquidated damages under the FLSA, state law penalties, and attorney's fees and costs.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1337 (interstate commerce), and 29 U.S.C. § 216(b) (FLSA).

5. The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because they are so closely related to the federal claims that they form part of the same Article III case.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

**PARTIES**

7. Plaintiff Anna Maria Gaspar Train resides in the Northern District of Illinois, Eastern Division. Within the three-year period prior to the filing of this Complaint, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e), and 820 ILCS 105/3(d). Plaintiff has signed and filed, along with this Complaint, written consent to sue pursuant to 29 U.S.C. § 216(b).

8. Defendant Nafisa S. Mohammad is the owner of Nafisa's Kitchen and Desi Fashion and is responsible for oversight of its business operations. At all times relevant herein, Defendant Nafisa S. Mohammad was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, and 820 ILCS 105/3(c) and employed Plaintiff.

9. Defendant Nafisa's Kitchen 2 Inc., dba Nafisa's Kitchen & Desi Fashion has its principal place of business in Morton Grove, Illinois and provides catering and food services.

10. Defendant Nafisa's Kitchen and Desi Fashion is, and at all times relevant was, an enterprise as defined in Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(l), and an enterprise

engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(l)(A).

11. At all times relevant herein, Defendant Nafisa's Kitchen and Desi Fashion was an "employer" as defined in the FLSA, 29 U.S.C. § 203(s)(l)(A), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

12. Defendants Nafisa's Kitchen and Desi Fashion and Mohammad jointly employed Plaintiff within the meaning of the FLSA and the IMWL, and are jointly and severally liable for the violations of law asserted herein.

## FACTUAL ALLEGATIONS

13. During the 3-year period prior to the filing of this Complaint, Plaintiff worked for Defendants.

14. At all times relevant, Plaintiff was required to report each workday to one of two locations designated by Defendants.

15. At all times relevant, Plaintiff was assigned kitchen prep work and cooking duties by Defendants.

16. At all relevant times, and on a customary and regular basis, Plaintiff worked in excess of 40 hours in a workweek.

17. At all times relevant, Defendants failed to pay Plaintiff overtime premium wages of one and one-half times their regular rates of pay for all hours worked in excess of 40 in a single workweek.

18. At all times relevant, Defendants failed to pay Plaintiff the minimum wages for all hours up to the first 40 hours plaintiff worked and paid what wages were paid in cash with no record of deductions.

19. Plaintiff has attached a signed notice of consent to sue as Exhibit 1 to this complaint.

## COUNT ONE
### OVERTIME, FAIR LABOR STANDARDS ACT
### ALL DEFENDANTS

20. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21. Defendants' practice and policy of not paying Plaintiff at a rate of one and one-half times their regular rate of pay for every hour Plaintiff worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. § 207. At all times relevant, Defendants failed to pay Plaintiff the minimum wages for all hours up to the first 40 hours plaintiff worked.

22. As a result of Defendants' practices and policies, Plaintiff has been damaged in that Plaintiff has not received wages due pursuant to the FLSA.

23. Defendants' violations of 29 U.S.C. § 207 were willful.

24. Defendants jointly employed Plaintiff pursuant to the FLSA and are jointly and severally liable for the FLSA violations.

## COUNT TWO
### OVERTIME, ILLINOIS MINIMUM WAGE LAW
### ALL DEFENDANTS

25. Plaintiffs incorporates by reference the foregoing allegations as if fully rewritten herein.

26. The Illinois Minimum Wage Law, at 820 ILCS 105/4a, provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

27. Defendants' practice and policy of not paying Plaintiff overtime compensation at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of 40 hours in a workweek violated 820 ILCS 105/4a. At all times relevant, Defendants failed to pay Plaintiff the minimum wage for all hours up to the first 40 hours plaintiff worked.

28. As a result of Defendants' violation of 820 ILCS 105/4a, Plaintiff has been damaged in that they have not received wages due to them pursuant to 820 ILCS 105/4a.

29. Defendants jointly employed Plaintiffs and other members of the Class pursuant to the IMWL and are jointly and severally liable for the IMWL violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Award Plaintiff her unpaid overtime wages and hours not paid at the minimum wage, and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

B. Award Plaintiffs actual damages for unpaid overtime compensation and hours not paid at the minimum wage.

C. Award Plaintiffs and the Class penalties in the amount of 2% of the underpayment per month for the length of the violations of the IMWL pursuant to 820 ILCS 105/12;

D. Award Plaintiff and the Class reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 216(b), and 820 ILCS 105/12, and

E. Award Plaintiff pre- and post-judgment interest at the statutory rate; and

I. Order such further and additional relief as this Court deems just and proper.

**COUNT THREE**
**ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

25. Plaintiffs incorporates by reference the foregoing allegations as if fully rewritten herein.

26. This Count arises from Defendants' failure to pay Plaintiff's earned wages for all time worked at the rate agreed to by the parties in violation of the IWPCA, 820 ILCS 115/5.

27. During the course of Plaintiff's employment by Defendants, the parties had an agreement that Defendants would compensate Plaintiff at agreed upon rates for all time worked.

28. Defendants did not compensate Plaintiff at the rate agreed to by the Parties for all time worked.

29. Pursuant to the IWPCA, Plaintiff was entitled to be paid for all time worked at the rate agreed upon by the parties.

30. Defendants' failure to compensate Plaintiff for all time worked at the rate agreed to by the parties violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. A judgment in the amount of all back wages due as provided by the IWPCA;

    B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

    C. Reasonable attorneys' fees and costs of this action as provided by the IWPCA;

    D. That the Court determines the rights of the parties and direct Defendants to account for all hours owed wages owed to Plaintiff;

    E. Damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

Respectfully submitted,
s/ Jorge Sanchez
One of Plaintiffs' Attorneys

Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

Dated: November 4, 2017